## A10A0754. ESCOFFIER v. THE STATE.
### (693 SE2d 569)

ELLINGTON, Judge.

A Lowndes County jury found Charles Escoffier, Sr., guilty of armed robbery, OCGA § 16-8-41 (a); kidnapping, OCGA § 16-5-40 (a); hijacking a motor vehicle, OCGA § 16-5-44.1 (b); and aggravated assault, OCGA § 16-5-21 (a) (2). Escoffier appeals from the judgment of conviction, contending the trial court erred in denying his motion for a directed verdict on the charge of kidnapping. He argues that this conviction must be reversed because the State failed to prove the essential element of asportation. For the following reasons, we agree.

Viewed in the light most favorable to the jury's verdict,[1] the record reveals that, at about 8:50 a.m. on March 10, 2006, Escoffier approached the victim's car as she parked it in the parking lot of the preschool where she worked. As the victim opened her car door, Escoffier brandished a knife at her, told her to "move over" and demanded her car keys. She gave her keys to Escoffier and slid from the driver's seat into the passenger seat. He got in the car, and, as he attempted to start the ignition, the victim opened the passenger door and fled. The victim's screams alerted others in the parking lot. Without ever having started the car, Escoffier got out, tossed the keys aside, and walked away. A witness tried to apprehend Escoffier, but relented when Escoffier threatened him with the knife. The police caught Escoffier shortly thereafter, the witness identified him, and the victim picked his photograph from a lineup.

Under former OCGA § 16-5-40 (a), "a person commits the offense of kidnapping when he abducts or steals away any person

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

318

without lawful authority or warrant and holds such person against his will."[2] Escoffier argues that his kidnapping conviction must be reversed because there was no showing that the victim was abducted or stolen away, which in legal parlance has been termed "asportation," under the test adopted by our Supreme Court in *Garza v. State*, 284 Ga. 696, 702 (1) (670 SE2d 73) (2008).

> Under that test, four factors are assessed: (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense. The test is to assist in determining whether the movement in question is in the nature of the evil the kidnapping statute was originally intended to address — i.e., movement serving to substantially isolate the victim from protection or rescue — or merely a "criminologically insignificant circumstance" attendant to some other crime.

(Citations and punctuation omitted.) *Moore v. State*, 301 Ga. App. 220, 228-229 (7) (b) (687 SE2d 259) (2009).

In this case, Escoffier ordered the victim from the driver's seat to the passenger seat so that he could get in the car and steal it; thus, the victim's movement occurred during the commission of the separate offense of hijacking a motor vehicle. The distance moved was short and the duration was brief. Moreover, under the facts of this case, we cannot say that Escoffier's moving the victim to the passenger seat created a significant danger to her independent of the danger posed by the separate offenses, especially when the movement facilitated the victim's escape through the passenger door. Given these circumstances, we conclude that the victim's movement did not constitute the asportation required to prove the offense of kidnapping, but, rather, was incidental to Escoffier's crime of hijacking the victim's car. See *Moore v. State*, 301 Ga. App. at 229. (Forcing the victim from the roadside into a nearby ditch, where she was sexually assaulted, did not constitute an asportation sufficient to support a kidnapping conviction.) Consequently, the court erred in denying Escoffier's motion for a directed verdict and his kidnapping

---

[2] We note that, while the Georgia legislature amended the kidnapping statute in 2009, the amendment applies to crimes committed on or after the revised statute's effective date, July 1, 2009. Ga. L. 2009, p. 331, § 1; see OCGA § 1-3-4 (effective date of legislative acts). The crimes in this case occurred in 2006, and, therefore, the standard set forth in *Garza*, infra, applies.

conviction must be reversed.

*Judgment reversed. Andrews, P. J., and Doyle, J., concur.*

DECIDED MARCH 31, 2010.

*James E. Jarvis, Jr.*, for appellant.
*J. David Miller, District Attorney, Bradfield M. Shealy, Jessica W. Clark, Assistant District Attorneys*, for appellee.